[Cite as *State v. Ford*, 2014-Ohio-395.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99941**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DANIEL FORD, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552747

**BEFORE:** Rocco J., Boyle A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**FOR APPELLANT**

Daniel Ford, Jr., pro se
Inmate #632-255
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio   44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Katherine Mullin
      Assistant County Prosecutor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} In this appeal brought on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, pro se defendant-appellant Daniel Ford, Jr. asserts that the trial court erred in denying his motion to correct jail-time credit. For the foregoing reasons, we affirm.

{¶2} On August 15, 2011, Ford pleaded guilty to one count of burglary. On September 19, 2011, the trial court sentenced Ford to two years of community control. The trial court determined that Ford was eligible for placement in a Community Based Correctional Facility ("CBCF") and Ford was ordered to complete the CBCF program. Ford was advised that failure to comply with the terms and conditions of community control could result in a prison term of five years.

{¶3} On August 17, 2012, the trial court found that Ford had violated terms of his community control sanctions. The trial court continued the community control with modifications. On September 25, 2012, the trial court found that Ford had, once again, violated community control sanctions. This time, the trial court terminated community control and sentenced Ford to 18 months in prison. In its sentencing order, the trial court granted Ford 110 days of jail-time credit. Ford did not file a direct appeal from this sentence.

{¶4} On November 8, 2012, Ford filed in the trial court a motion for jail- time credit. Ford asserted that the trial court had failed to credit him for the full amount of

time that he had resided at the CBCF. On February 25, 2013, the trial court denied Ford's motion. Ford did not file an appeal from the trial court's order.

{¶5} On February 28, 2013, Ford filed in the trial court a motion to correct jail-time credit. The trial court issued an order denying the motion, and it is from this order that Ford filed his notice of appeal.

{¶6} "[W]e have characterized a motion to 'correct' a sentence as a petition for postconviction relief." [1] *State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 3, citing *State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 8. Under the doctrine of res judicata, a postconviction petitioner is barred from asserting any sentencing claim that was not properly raised on direct appeal. *Fitzgerald*, citing *Kelly* at ¶ 18.

{¶7} In this case, Ford could have raised his jail-time credit argument in a direct appeal, but Ford never appealed from his sentence. Accordingly, principles of res judicata bar Ford from raising the argument in a petition for postconviction relief. *See Fitzgerald* at ¶ 3.

---

[1]Our analysis is based on the law that was in effect on September 25, 2012, the date on which Ford was sentenced. We note that on September 28, 2012, a new version of R.C. 2929.19 became effective "that impose[s] certain duties on a trial court at the time of sentencing with respect to jail-time credit." *Fitzgerald* at ¶ 6, citing R.C. 2929.19(B)(2)(g)(i) (Boyle, J., concurring). The new law "further vests the trial court with 'continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) * * *.'" *Id.* at ¶ 7, quoting R.C. 2929.19(B)(2)(g)(iii). Because Ford was sentenced before the effective date of the statute, we apply the law that was in effect on the date of sentencing. We express no opinion on how, if at all, the amendments would impact on the outcome of this case.

**{¶8}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR