[Cite as *State v. Morgan*, 2014-Ohio-5325.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140146 |
| | | TRIAL NO. B-1004092 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TYRONE MORGAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part as Modified, Reversed in Part, and
                                            Cause Remanded

Date of Judgment Entry on Appeal:  December 3, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Tyrone Morgan*, pro se.


Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1}   Defendant-appellant Tyrone Morgan advances on appeal a single assignment of error challenging the Hamilton County Common Pleas Court's judgment overruling his "Motion for Jail Time Credit."  Because the trial court miscalculated Morgan's days of confinement prior to his convictions, we reverse in part the judgment overruling his motion.

{¶2}   On September 2010, in the case numbered B-1004025, Morgan was convicted upon guilty pleas to six counts of drug trafficking, sentenced to concurrent prison terms of four and one-half years, and credited with two days for his confinement prior to his convictions.  Three days later, in the case numbered B-1004092, Morgan was convicted upon guilty pleas to trafficking and having weapons under a disability, sentenced to concurrent prison terms of four years to be served concurrently with the sentences imposed in the case numbered B-1004025, and credited with 65 days for his preconviction confinement.

{¶3}   Morgan voluntarily dismissed his direct appeals from those convictions, but thereafter filed in each case a series of motions seeking correction of his jail-time credit.  In February 2014, in each case, Morgan filed, and the common pleas court overruled, a "Motion for Jail Time Credit."  But he here appeals from only the judgment overruling his motion in the case numbered B-1004092.

{¶4}   In seeking correction of his jail-time credit, Morgan argued that the trial court had miscalculated the credit and had misapplied it against his sentences, and that he was, instead, entitled to jail-time credit of 76 days against each prison sentence imposed in the cases.  He asserted that the trial court should have credited him with 67 days, rather than 65 days, for his preconviction confinement in the case numbered B-1004092, credited against each sentence the total days of confinement preceding his convictions in both cases, and included in his jail-time credit the days of confinement following his convictions awaiting his conveyance to prison.

{¶5} *No jurisdiction to correct jail-time credit under R.C. 2929.19(B)(2)(g)(iii).* In 2010, when Morgan was sentenced, the various Ohio Revised Code sections governing jail-time credit had been construed to impose on the trial court the duty to calculate, and to specify in the judgment of conviction, the total number of days that the offender had been confined for each offense prior to his conviction, leaving to the department of rehabilitation and correction the task of reducing each sentence by the preconviction-confinement time determined by the court, plus conveyance time. *See State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7, citing *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 572, 589 N.E.2d 113 (10th Dist.1991); R.C. 2967.191, 2949.08(B), and 2949.12. An offender could then challenge his jail-time credit in his direct appeal, in a motion under Crim.R. 36 for "correct[ion]" of a "clerical mistake[]," or in a petition under R.C. 2953.21 et seq. for postconviction relief. *See Heddleston v. Mack*, 84 Ohio St.3d 213, 213, 702 N.E.2d 1198 (1988); *State v. Weaver*, 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶ 12.

{¶6} In 2012, the General Assembly amended R.C. 2929.19 to authorize and codify procedures for determining and correcting jail-time credit. R.C. 2929.19(B)(2)(g)(i) imposes upon a trial court, when imposing a prison term, the following duty:

> Determine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code.

Under the amended statute, an "inaccurate" R.C. 2929.19(B)(2)(g)(i) determination does not provide a basis for setting aside a conviction or render a conviction void or voidable. R.C. 2929.19(B)(2)(g)(iv). Nor may an erroneous determination be challenged in a new-trial motion or postconviction petition. R.C.

3

2929.19(B)(2)(g)(iii). The error must, instead, be "correct[ed]" pursuant to the following grant of authority and procedure:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.

R.C. 2929.19(B)(2)(g)(iii).

{¶7} R.C. 2929.19(B)(2)(g) went into effect after Morgan had been sentenced, but before he moved to correct his jail-time credit. Under those circumstances, the R.C. 2929.19(B)(2)(g)(iii) procedures for correcting error in a jail-time-credit determination were held to be applicable by the Tenth Appellate District, but inapplicable by the Eighth Appellate District. *See State v. Ford*, 8th Dist. Cuyahoga No. 99941, 2014-Ohio-395, ¶ 6, fn. 1; *State v. Lovings*, 10th Dist. Franklin Nos. 13AP-303 and 13AP-304, 2013-Ohio-5328, ¶ 9-10. The statute, by its terms, provides the authority and procedure for "correct[ing] any error in making a determination under [R.C. 2929.19](B)(2)(g)(i)." Because Morgan was sentenced before the amended statute was effective, his jail-time credit was not determined under R.C. 2929.19(B)(2)(g)(i). Therefore, R.C. 2929.19(B)(2)(g)(iii) did not apply to confer upon the common pleas court jurisdiction to entertain his challenge to his 2010 jail-time-credit determination.

{¶8} ***No jurisdiction to correct jail-time credit under R.C. 2953.21 et seq.*** In his motion, Morgan claimed that the trial court had erred as a matter of law in failing to credit against each sentence his total days of preconviction confinement for both cases and in failing to include in his jail-time credit his conveyance time. Because those claims alleged errors of law, they were reviewable

under the standards provided by R.C. 2953.21 et seq. for a postconviction petition. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. But with respect to those claims, Morgan failed to satisfy either the time restrictions of R.C. 2953.21 or the jurisdictional requirements of R.C. 2953.23. And while a court always has jurisdiction to correct a void judgment, *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, the trial court's failure to journalize an amendment to Ysrael's bill of particulars would not have had the effect of rendering his conviction void. Therefore, the court lacked jurisdiction to entertain those claims on the merits.

{¶9} *Jail-time-credit calculation subject to correction under Crim.R. 36.* Morgan also challenged in his motion the trial court's calculation of his jail-time credit in the case numbered B-1004092, arguing that he was entitled to preconviction-confinement credit of 67 days, rather than 65 days. A trial court's calculation of jail-time credit is a ministerial act. *State v. Weaver*, 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶ 12; *State v. Brewster*, 1st Dist. Hamilton No. C-980484, 1999 Ohio App. LEXIS 1028 (Mar. 19, 1999). And Crim.R. 36 provides that "clerical mistakes in judgments * * * may be corrected by the court at any time." Accordingly, a trial court may, at any time, enter a judgment of conviction, nunc pro tunc to the date of the original conviction, correcting a "mistake[]" in the calculation of jail-time credit. *Weaver* at ¶ 12.

{¶10} On July 22, 2014, in the case numbered B-1004092, and thus after the common pleas court had overruled Morgan's February 2012 motion and Morgan had perfected this appeal, the common pleas court placed of record an entry purporting to "grant[]" his motion, at least to the extent of crediting him with "a total of 66 days credit (as of the date of sentencing), plus conveyance time to the institution." By its entry, the court essentially conceded, as the record confirms, that Morgan's preconviction-confinement credit had been miscalculated, and that he was instead

5

entitled to credit of 66 days. This miscalculation was subject to correction pursuant to Crim.R. 36. Thus, to the extent that Morgan had sought in his motion correction of his preconviction-confinement credit in the case numbered B-1004092, the court erred in overruling the motion.

{¶11} But in 2010, when Morgan was convicted, Crim.R. 32(C) required that a "judgment of conviction * * * set forth the verdict, or findings, upon which each conviction is based, and the sentence." R.C. 2949.08(B) required that the "[judgment of] conviction" specify the number of days of preconviction confinement to be used to reduce the sentence. R.C. 2949.12 required the sheriff, when delivering a convicted felon to a correctional facility, to present a copy of the judgment of conviction setting forth the Ohio Revised Code section violated, the sentence imposed, and the number of days of preconviction confinement credited. And Ohio Adm.Code 5120-2-04(B) required that the sentencing court "include within the journal entry imposing the sentence or stated prison term," and "forward [to the correctional facility,] a statement of the number of days [of] confinement which [the offender] is entitled by law to have credited." The common pleas court's July 2014 entry purporting to correct the number of preconviction-confinement days in the case numbered B-1004092 did not conform to these requirements. And it was not, as required by Crim.R. 36, entered nunc pro tunc to the date of Morgan's original convictions in that case.

{¶12} Moreover, the July 2014 entry was recorded while this appeal was pending. A trial court loses jurisdiction to act in a case after an appeal has been taken, except to take action in aid of the appeal or in a manner not inconsistent with the appeals court's jurisdiction to review, affirm, modify, or reverse the appealed judgment. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). *Accord In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. When, by its July 2014 entry, the common

pleas court granted Morgan part of the relief denied by the February 2014 entry that he here appeals, the court acted in a manner inconsistent with this court's jurisdiction to review the February 2014 judgment overruling Morgan's motion. Because the court lacked jurisdiction to correct Morgan's jail-time credit while this appeal was pending, the July 2014 judgment constitutes a legal nullity. *See State v. Clark*, 9th Dist. Summit No. 26673, 2013-Ohio-2984, ¶ 17.

{¶13} *We affirm in part and reverse in part.* We, therefore, hold that Morgan's claims in his motion that the trial court had erred as a matter of law in determining his jail-time credit motion were subject to dismissal for lack of jurisdiction. Thus, we overrule his assignment of error in part, and upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect a dismissal of those claims. And we affirm the judgment in part as modified.

{¶14} But the judgment of conviction in the case numbered B-1004092 was subject to correction pursuant to Crim.R. 36 to the extent that his preconviction-confinement credit had been miscalculated. On that basis, we sustain his assignment of error in part, reverse in part the common pleas court's judgment overruling his motion, and remand for further proceedings consistent with the law and this opinion.

Judgment affirmed in part as modified, reversed in part, and cause remanded.

HILDEBRANDT, P.J., HENDON and DINKELACKER, JJ.

Please note:

The court has recorded its entry on the date of the release of this opinion.