[Cite as *State v. Durant*, 2016-Ohio-8173.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 BE 0010 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHARLES DANIEL DURANT | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
                                 Common Pleas of Belmont County,
                                 Ohio
                                 Case No. 13 CR 089

JUDGMENT:                        Affirmed.  Sentence Modified.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Daniel P. Fry
                                 Belmont County Prosecutor
                                 Atty. Scott Lloyd
                                 Assistant Prosecuting Attorney
                                 147-A West Main Street
                                 St. Clairsville, Ohio  43950

For Defendant-Appellant:         Atty. Daniel M. Balgo
                                 Atty. Scot M. McMahon
                                 Balgo & Kaminski, L.C.
                                 52171 National Road
                                 Suite 4
                                 St. Clairsville, Ohio 43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  December 15, 2016

WAITE, J.

**{¶1}** Appellant Charles Daniel Durant appeals a February 3, 2015 Belmont County Common Pleas Court sentencing entry. Appellant argues that, pursuant to R.C. 2929.13(B)(1), the trial court should have sentenced him to community control rather than incarceration. Appellant additionally argues that he was not given jail-time credit for a thirteen-day period for which he was held pending sentencing. The state concedes that Appellant is entitled to an additional thirteen days of jail-time credit. However, the state contends that the trial court's sentence is proper based on R.C. 2929.12 and R.C. 2929.13. For the reasons provided, Appellant's sentence is affirmed in part and modified in part to grant an additional thirteen days of jail-time credit.

<u>Factual and Procedural History</u>

**{¶2}** On April 1, 2013, Appellant was arraigned on two counts of trafficking in drugs, a felony of the fifth degree in violation of R.C. 2924.03(A)(1)(a)(4). On May 13, Appellant signed a drug court plea agreement. Also on May 5, 2013, the trial court held a plea hearing where Appellant pleaded guilty to both counts and entered into the drug court program.

**{¶3}** After entering drug court, Appellant was found to be in noncompliance on several occasions. After the fifth such finding on November 15, 2013, Appellant was sanctioned to Eastern Ohio Corrections Center. On October 10, 2014, Appellant was found noncompliant and was given seven days in jail. On December 23, 2014 and December 29, 2014, Appellant tested positive for cocaine. On January 8, 2015, the state filed a motion with the court seeking to terminate Appellant from drug court.

On January 20, 2015, Appellant self-terminated from drug court. A hearing was held on February 2, 2015 where the trial court acknowledged Appellant's self-termination and sentenced him to twelve months of incarceration on each count. The court ordered his sentences to run consecutively for an aggregate total of 24 months of incarceration. The trial court additionally suspended his driver's license for three years effective February of 2015. This timely appeal followed.

FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW AND THE COURT ABUSED ITS DISCRETION IN IMPOSING A JAIL SENTENCE.

{¶4} Appellant contends that a trial court is required to sentence an offender to a community control sanction if: the most serious offense the offender is convicted of or pleads guilty to is a felony of the fourth or fifth degree, the offender has no previous felony convictions, the court properly makes a request, and the offender has not been found guilty of a misdemeanor within the past two years. Appellant acknowledges that there are exceptions to R.C. 2929.13(B)(1)(a); however, he argues that none of these exceptions apply, here. While Appellant concedes that he self-terminated from drug court, he urges that the trial court was required by R.C. 2929.11 to choose the least restrictive penalty. Appellant asserts that instead the trial court imposed the most restrictive penalty, incarceration.

{¶5} Citing *State v. Chandler,* 10th Dist. Nos. 04AP-895, 04AP-897, 04AP-898, 2005-Ohio-1961, the state responds by arguing that even if the R.C.

2929.13(B)(1)(a) factors do not apply, a trial court has discretion to sentence an offender to prison based on the seriousness and recidivism factors found in R.C. 2929.12. The state also notes that the trial court warned Appellant that if he self-terminated from drug court, he would be subject to stricter sanctions.

{¶6} R.C. 2929.13(B)(1)(a) states:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶7} However, pursuant to R.C. 2929.13(B)(1)(b):

The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and

program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi)   The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

**{¶8}**   While the state cites to *Chandler,* this case predated several changes to the relevant statute, R.C. 2929.13.   Prior to March 22, 2013, R.C. 2929.13(B)(3)(a) read as follows:

If the court makes a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

Effective March 22, 2013, section (B)(3) was deleted from the statute.   As Appellant was arrested and charged on March 28, 2013, Appellant was subject to the revised version of the statute.   As such, the trial court's reliance on the previous version of R.C. 2929.13(B)(3) is misplaced.

**{¶9}**   However, the Eleventh District recently held that the presumption of community control found within R.C. 2929.13(A) does not apply if an offender pleaded guilty to or was convicted of multiple felonies of the fourth or fifth degree. *State v. Parrado,* 11th Dist. No. 2015-T-0069, 2016-Ohio-1313, ¶ 23.   The Court

reasoned that if the legislature intended to apply the statute to cases involving multiple charges, it would have pluralized the term "felony."

{¶10} Based on a plain reading of the statute, we agree with the Eleventh District. Even so, we note that the trial court did attempt to impose the least restrictive penalty in this case. Drug court is similar to the concept of bond, in that a defendant can avoid incarceration if he complies with certain conditions. If those conditions are not met, more restrictive penalties can be imposed, such as incarceration. Here, Appellant agreed to participate in drug court and avoided immediate incarceration. However, he was found in violation of drug court on several occasions and eventually self-terminated from the program. As he violated the terms of the least restrictive penalty, the trial court did not abuse its discretion by imposing a more restrictive penalty. Accordingly, Appellant's first assignment of error is without merit and is overruled.

## SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO CREDIT APPELLANT WITH THE CORRECT AMOUNT OF TIME SERVED IN THE JUDGMENT ENTRY.

{¶11} Appellant argues that he was not given jail-time credit for 13 days in which he was held while awaiting sentencing. Consequently, he argues that he is entitled to 213 days of jail-time credit instead of the 200 days awarded by the trial court. The state has confessed judgment on this issue.

{¶12} Pursuant to R.C. 2967.191, "the department of rehabilitation and correction credits jail-time served but the trial court calculates the number of days that can constitute jail-time credit." *State v. Mason*, 7th Dist. No. 2011-Ohio-3167, 2011-Ohio-3167, ¶ 13, citing *State v. Frazier*, 8th Dist. No. 86984, 2006-Ohio-3023 at ¶ 9; Ohio Adm.Code 5120–04(B). R.C. 2967.191 provides that:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced.

{¶13} "A reviewing court may modify or vacate the trial court's jail-time-credit computation if it clearly and convincingly finds that the awarded credit is contrary to law." *State v. Bowden,* 1st Dist. No. C-140462, 2015-Ohio-3740, ¶ 18, citing R.C. 2953(G)(2)(b); *State v. Hargrove,* 1st Dist. No. C-140416, 2014-Ohio-5325, ¶ 8.

{¶14} According to the trial court's February 3, 2015 sentencing entry, Appellant was given 200 days of jail-time credit. According to a probation department report attached to the state's brief, Appellant was given credit for the following time periods: 1 day from 3/28/13, 17 days from 8/5/13 to 8/21/13, 39 days from 11/4/13 to 12/12/13, 119 days from 12/13/13 to 4/10/14, 8 days from 10/10/14 to 10/17/14, and 16 days from 1/5/15 to 1/20/15. However, both parties agree that Appellant was not released on January 20, 2015. Instead, he was held an additional 13 days until his

sentencing hearing on February 2, 2015. Accordingly, Appellant's second assignment of error has merit and is sustained.

Conclusion

**{¶15}** Appellant contends that the trial court's sentence is the most restrictive punishment he could have received and is improper pursuant to R.C. 2929.13. However, Appellant was convicted of multiple fifth-degree penalties, and the trial court had already attempted to impose the least restrictive penalty, drug court. Appellant also argues that the trial court improperly gave him 200 days of jail-time credit when he was entitled to 213 days. As Appellant served an additional 13 days for which he was not given credit, we modify his sentence to properly reflect those days. However, Appellant's sentence is affirmed in all other respects.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.