[Cite as *State v. Barrickman*, 2019-Ohio-3552.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0019** |
| ERIN R. BARRICKMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CR 00781.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, 39-year-old Erin R. Barrickman, appeals from the Trumbull County Court of Common Pleas' entry on sentence, issued on February 21, 2019. The judgment is affirmed.

{¶2} In September 2018, Barrickman was indicted on four drug offenses, each a felony of the fifth degree: Count 1, aggravated possession of drugs; Count 2, possession of heroin; and Counts 3 & 4, possession of cocaine.

**{¶3}** On December 20, 2018, pursuant to a plea agreement, Barrickman pled guilty to two counts of an amended indictment: Count 1, aggravated possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A)&(C)(1)(a); and Count 2, possession of heroin, a fifth-degree felony in violation of R.C. 2925.11(A)&(C)(6)(a). Counts 3 and 4 were nolled.

**{¶4}** The trial court ordered a pre-sentence investigation.

**{¶5}** A sentencing hearing was held January 31, 2019. Barrickman acknowledged her extensive criminal history. The trial court stated she has "one of the worst criminal records I've seen here in a long time." It found the following:

> The defendant has a lengthy arrest history with 30 prior convictions, three of which were felonies, the defendant has failed Intervention in Lieu of Conviction in Mahoning County and failed and [sic] kicked out of Trumbull County Drug Court, resulting in two of the three prior prison sentences. This defendant also has been under probation supervision to multiple municipal courts at the same time and at the time of this instant offense, and the defendant is not amenable to any kind of community control sanctions.

The trial court ordered appellant to serve a prison sentence of 12 months on each count, to be served concurrent to each other.

**{¶6}** In its entry on sentence, the trial court stated: "(1) the Defendant has prior felony convictions; (2) the defendant has served two prior prison terms; (3) the Defendant has failed community control previously; (4) the Defendant was on parole at the time the offenses in this matter were committed; and (5) the Defendant is not amenable to community control sanctions."

**{¶7}** Barrickman noticed an appeal from the February 21, 2019 entry on sentence and raises the following assignment of error for our review:

**{¶8}** "The trial court erred by sentencing the appellant to incarceration rather than a community control sanction."

**{¶9}** We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which provides that an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it clearly and convincingly finds either (a) that the record does not support the sentencing court's findings under relevant statutory provisions, including R.C. 2929.13(B), or (b) that the sentence is otherwise contrary to law. *See also State v. Marcum*, 146 Ohio St.3d 516 (2016).

**{¶10}** Barrickman asserts the trial court failed to "expressly find that one or more of the factors set out in R.C. 2929.13(B)(1)(a)-(i) applied in order to impose the prison term," as opposed to community control, for her fifth-degree felony offenses. Her assertion, however, rests on *State v. Lockett*, 2d Dist. Montgomery No. 20694, 2005-Ohio-5232, which was based on a former version of R.C. 2929.13(B).

**{¶11}** Currently, R.C. 2929.13(B)(1)(a) provides, with emphasis added:

> *Except as provided in division (B)(1)(b) of this section*, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, *the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply*:
>
> (i) *The offender previously has not been convicted of or pleaded guilty to a felony offense*.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶12} The trial court specifically found that Barrickman has prior felony convictions. This finding is supported by the record, including Barrickman's pre-sentence investigation report. Therefore, the community control mandate found in R.C. 2929.13(B)(1)(a) does not apply to Barrickman's sentence for her fifth-degree felony offenses.

{¶13} Moreover, Barrickman pleaded guilty to multiple fifth-degree felonies, which this court has held also renders the community control mandate inapplicable. *See State v. Parrado*, 11th Dist. Trumbull No. 2015-T-0069, 2016-Ohio-1313, ¶23 (when an offender pleads to or is convicted of multiple fourth- or fifth-degree felonies, the presumption of community control does not apply); *accord State v. Durant*, 7th Dist. Belmont No. 15 BE 0010, 2016-Ohio-8173, ¶9.

{¶14} R.C. 2929.13(B)(1)(b) provides that "[t]he court has *discretion to impose a prison term* upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if *any* of the following [eleven enumerated factors] apply[.]" (Emphasis added.)

{¶15} We note that, ordinarily, R.C. 2953.08(A) precludes appellate review of a prison sentence for a fourth- or fifth-degree felony that is imposed pursuant to the

4

discretion afforded by R.C. 2929.13(B)(1)(b). *See, e.g., State v. Torres*, 8th Dist. Cuyahoga No. 104905, 2017-Ohio-938, ¶8, citing *State v. Andrukat*, 5th Dist. Stark No. 2001CA00324, 2002 WL 596824 (Apr. 15, 2002).

{¶16} R.C. 2953.08(A)(2) specifically provides that, "[i]n addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

> (2) The sentence consisted of or included a prison term and the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing. *If the court specifies that it found one or more of the factors in division (B)(1)(b) of section 2929.13 of the Revised Code to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.*

{¶17} Barrickman's argument on appeal is that the trial court failed to "expressly find" that one or more of the statutory factors applied in order to impose a prison term. Her argument, essentially, is that the trial court did not "specify" a finding under R.C. 2929.13(B)(1)(b). Thus, in the interest of justice, we conclude that she narrowly escapes the preclusive effect of R.C. 2953.08(A)(2), "because that statute only operates to block review of instances where the trial court 'specifies' a finding under R.C. 2929.13(B)(1)(b)." *See Torres, supra*, at ¶8 (citations omitted).

{¶18} R.C. 2929.13(B)(1)(b) permits a trial court to impose a prison term, in its discretion, for non-violent fifth-degree felony offenses if, inter alia, "[t]he offender at the time of the offense was serving, or the offender previously had served, a prison term" or "[t]he offender committed the offense while under a community control sanction, while on

5

probation, or while released from custody on a bond or personal recognizance." R.C. 2929.13(B)(1)(b)(x)-(xi).

{¶19} As stated above, the trial court identified at sentencing and in its entry on sentence that Barrickman previously had served multiple prison terms and that she committed the instant offenses while on parole and under probation supervision. Therefore, contrary to Barrickman's argument, the trial court did specify two findings under R.C. 2929.13(B)(1)(b) in support of its decision to impose a prison term.

{¶20} Barrickman's sole assignment of error is without merit. The trial court did not err by sentencing her to incarceration rather than a community control sanction.

{¶21} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

6