[Cite as *State v. Melson*, 2022-Ohio-2709.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-62 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-485 |
| | : | |
| DUSTIN MELSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of August, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

COLIN P. COCHRAN, Atty. Reg. No. 0098448, P.O. Box 293043, Dayton, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Dustin Melson was convicted, following his guilty pleas, on one count of breaking and entering (Clark C.P. No. 2021-CR-433) and one count of vandalism (Clark C.P. No. 2021-CR-685), both felonies of the fifth degree, and on one count of safecracking (Clark C.P. No. 2021-CR-485). The trial court sentenced Melson to 11 months on each offense, to be served concurrently, for an aggregate sentence of 11 months. Melson appeals from his conviction for safecracking in Case No. 2021-CR-485. We affirm the judgment of the trial court.

**{¶ 2}** On August 2, 2021, Melson was indicted on three counts of safecracking in violation of R.C. 2911.31(A), felonies of the fourth degree, in Case No. 2021-CR-485. He pled not guilty on August 18, 2021.

**{¶ 3}** On October 26, 2021, the trial court conducted a plea hearing that involved all three of the cases listed above. The following exchange occurred:

[THE PROSECUTOR]: * * *

The terms of the plea agreement are that this defendant shall plead guilty to count one to each of the aforementioned indictments in Case #21-CR-433, #21-CR-485 and #21-CR-685. A PSI shall be conducted.

The State agrees to recommend community control in all three case numbers and in the event that the defendant violates community control, if any, of the above-mentioned cases, defendant shall serve consecutive sentences imposed by the Court, and in each of the above cases defendant shall pay restitution in an amount determined prior to sentencing, Your

Honor. * * *

THE COURT:   Is that a full statement of the plea agreement?

[DEFENSE COUNSEL]:   It is, Judge. * * * At this time Mr. Melson would withdraw in Case #21-CR-433, withdraw is former plea of not guilty. He would then enter a plea of guilty to count one of the indictment that being count one of breaking and entering, a felony of the fifth degree.   That being done with the understanding that counts two and three will be dismissed.

In Case #21-CR-485, Mr. Melson would withdraw his former plea of not guilty. He would then enter a plea of guilty to count one of the indictment, which is a count of safecracking, a felony of the fourth degree.

That would be done with the understanding that counts two and three of the indictment would be dismissed.

In Case #21-CR-685, Mr. Melson has not yet been arraigned on that indictment.   Mr. Melson [was] set for arraignment this past Friday.   Mr. Melson did not appear for the arraignment.   He was not aware that he had been indicted or that it was scheduled for arraignment this past Friday.

* * * I appeared at that arraignment.   I knew Mr. Melson had a trial coming up for today. * * *

I went back to my office and called him, informed him that he had missed the arraignment but told him that since we were coming to court on Tuesday, I believed that I could just take care of this case today.   So with regard to that case, he has received a copy of the indictment.   He will waive

reading of the indictment, and he's going to plead guilty to count one of the indictment today, which is vandalism, a felony of the fifth degree.

He's doing that with the understanding that counts two and three of the indictment would be dismissed. And we ask the warrant in #21-CR-685 be recalled. * * *

THE COURT: Do you understand the terms of the plea agreement, Mr. Melson?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what you want to do this morning?

THE DEFENDANT: Yes, sir.

{¶ 4} After the plea colloquy, the court found that Melson had entered his pleas knowingly, voluntarily, and intelligently.

{¶ 5} Melson was sentenced on November 29, 2021, and the following exchange occurred:

THE COURT: * * * The Court did order a pre-sentence investigation. I have received and reviewed a report prepared by the probation department. * * *

[DEFENSE COUNSEL]: * * * Mr. Melson has a prior juvenile record. I couldn't find that attached to the pre-sentence investigation. I don't know if that's all that significant, but I couldn't find it.

I did look at his prior adult record, which is probably more significant here. It doesn't look like he has any prior felony convictions of any kind.

* * * The restitution is this case is significant, but Mr. Melson has every intention of doing everything he can to pay the restitution in a timely fashion.   He does own his own business.

* * *

And I don't see where Mr. Melson has any prior felony convictions or any other prior situations that would accept [sic] this or take this out of mandatory community control area, other than the fact that they're now saying that he has a charge pending in Bellefontaine, which I was not aware of nor was Mr. Melson aware when we entered our plea in this case.   In any event he has pled not guilty to that so he certainly has not been convicted and while one might say that he committed or engaged in some kind of unlawful act while he was out on bond on one or more of these cases, and I actually think it was one that he was out on bond at the time, but still pled not guilty.

I think it would be inaccurate to say that he violated a condition of his bond by committing this offense or engaging in this illegal activity in Bellefontaine because he denies that he engaged in any illegal activity in Bellefontaine; so we'd ask the Court to sentence Mr. Melson to community control sanctions.

* * *

[THE PROSECUTOR]:   Pursuant to the terms of the plea agreement, Your Honor, the State recommends community control in this

case.

I would just like to put on the record as it wasn't available at the time of the plea, the restitution in this Case #21-CR-0685, that is the ATM case, $27,735 total; and then the restitution i[n] the breaking and entering at the storage unit, #21-CR-0433 is 654.55.

\* \* \*

THE COURT:   The pre-sentence report indicates the defendant was arrested after his PSI interview on November 2nd for a warrant from municipal court in Clark County.   Do we know what that is?   What the warrant was out of Clark County?

DEPUTY DILLAHUNT:   It was traffic that he was arrested on.

{¶ 6} After the court called a brief recess, the exchange continued:

[DEFENSE COUNSEL]:   I didn't thoroughly review this pre-sentence investigation prior to coming in.   I see the traffic offense, which appears to be out of Bellefontaine.

According to the PSI, it occurred on March 25, 2021.   I don't know the circumstances surrounding the traffic offense.

I don't know if Mr. Melson was aware of this offense that he had even been charged.   I don't know if he was aware of any court dates.   I don't know any of the circumstances surrounding the offense.   I guess my purpose in saying that is I don't know that that particular offense takes this out of [the] mandatory community control section of the statute.   Again, Mr.

Melson has entered a plea of not guilty with regard to the trafficking offense. He's not been convicted of that either.

THE COURT: In #21-CR-433, the breaking and entering offense, the defendant was arraigned on July 23, 2021. Bond was set at $7,500 cash/surety. There were conditions of the bond, one of which was that the defendant was to comply with all criminal provisions of the Ohio Revised Code.

Subsequent to that, the defendant was indicted in Logan County, Case #21-10287, for offenses that allegedly occurred on August the 1st 2021. [Defense Counsel] is correct; the defendant is presumed innocent of those charges.

He's not pled guilty to them or been convicted of them. With that being said, the grand jury made a finding that there was probable cause to believe that the defendant committed those offenses.

This Court finds that sufficient to make a finding that he violated that condition of his bond. In #21-CR-485 and #21-CR-685, the defendant was arraigned in those cases after August the 1st, which is again the date that the offenses allegedly occurred in Logan County. So I don't find that he violated his bond in those cases.

The law isn't real clear, at least in the statute, as to if the Court imposes a prison term in #21-CR-433, based on a finding that the defendant violated his bond in that case, would the Court have the discretion to impose

prison sentences on the other two cases.

That being said, the law is clear that the Court cannot impose hybrid sentences. In other words, the Court can't impose a prison sentence and a community control sentence.

So if the Court does impose a prison sentence in #21-CR-433, I think it has no other legal option but to impose prison sentences in the other two cases. But to err on the side of caution, the Court is going to impose a prison sentence in #21-CR-433, and in the other two cases; but all the prison sentences will run concurrently.

In #21-CR-433, the Court will impose a sentence of eleven (11) months in prison. There is a possibility that you could be placed on post-release control for up to two years upon your release.

Restitution will be ordered in the amount of $654.65. And then in #21-CR-485, for the safecracking offense, a felony of the fourth degree, the Court will impose a sentence of eleven (11) months in prison. Two years of optional post-release control, restitution in the amount of $27,735.

And then #21-CR-685, for the vandalism offense, the Court will impose a sentence of eleven (11) months in prison, two years of optional post-release control.

Again, all of the sentences will run concurrently with one another for a total sentence of eleven (11) months, and the defendant will receive jail credit for any time spent in the Clark County Jail towards his sentence.

{¶ 7} Melson appeals, raising one assignment of error:

THE TRIAL COURT ERRED BY IMPOSING UPON DUSTIN MELSON * * * A PRISON SENTENCE THAT IS CONTRARY TO LAW BECAUSE MELSON WAS ENTITLED TO COMMUNITY CONTROL UNDER R.C. 2929.13(B)(1)(a).

{¶ 8} Melson asserts that the trial court erred when it found that he had violated his bond "merely based on a grand jury indictment" in a Logan County case, which did "not amount to guilt by proof beyond a reasonable doubt."    He argues that, on this basis, the trial court imposed upon a prison sentence, rather than community control as required by R.C. 2929.13(B)(1)(a), which was contrary to law.

{¶ 9} According to Melson, at the time of his conviction, he had neither been convicted of nor pled guilty to the theft charge in Logan County, of which he was presumed to be innocent, and the trial court acknowledged this fact.   Melson also points out that the State "maintained its plea agreement," which implied that Melson was entitled to mandatory community control.   Melson asserts that if he were "presumed innocent of the theft charge, it cannot be said that [he] engaged in illegal activity under Ohio law that would constitute a violation of his bond."

{¶ 10} The State responds that the trial court was permitted to find that Melson had violated his bond based on the Logan County indictment alone, which "remov[ed] [him] from mandatory community control."   The State further asserts that the trial court was permitted to sentence Melson to prison rather than community control because he had pled guilty to multiple felonies in Case Nos. 2021-CR-433, 2021-CR-485, and 2021-CR-

685. According to the State, Melson had violated a terms of his bond by committing another offense, which the Logan County indictment sufficiently established, and a conviction in that Logan County case was not necessary for the Clark County court to find a bond violation. Finally, the State asserts that R.C. 2929.13(B)(1)(a) only applies if the defendant pleads guilty to a single nonviolent felony of the fourth degree, whereas Melson pled guilty to three separate felonies in his three cases. Thus, the State asserts that community control "was never mandatory."

{¶ 11} This Court has held:

> When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, including R.C. 2929.13(B); or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

*State v. Trent*, 2d Dist. Clark No. 2020-CA-61, 2021-Ohio-3698, ¶ 8.

{¶ 12} R.C. 2929.13 provides:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault

offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 13} As the State asserts, in *State v. Moore*, 2d Dist. Clark No. 2021-CA-26, 2022-Ohio-409, ¶ 20, this Court noted its agreement with the 6th District that "the community control presumption contained in [R.C. 2929.13(B)(1)(a)] applies only where the defendant pleads guilty to a singular nonviolent felony of the fourth o[r] fifth degree." *See State v. Boswell,* 6th Dist. Erie E-18-053, 2019-Ohio-2949, ¶ 20, 22, quoting *State v. Bentley,* 11th Dist. Ashtabula No. 2017-A-0017, 2017-Ohio-8943, ¶ 19. *See also State v. Durant*, 7th Dist. Belmont No. 15BE0010, 2016-Ohio-8173, ¶ 9 (noting that "if the legislature intended to apply the statute to cases involving multiple charges, it would have pluralized the term 'felony.' ").

{¶ 14} We agree with the State that community control was not mandatory, regardless of the effect of any bond violation created by the Logan County indictment, because Melson pled guilty to three separate fourth- and fifth-degree felonies. As such,

his 11-month concurrent sentence was not contrary to law. Since Melson was not entitled to community control, his assigned error is overruled.

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Colin P. Cochran
Hon. Douglas M. Rastatter