[Cite as *State v. Bailey*, 2025-Ohio-5254.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                              :          APPEAL NO.    C-250116
                                                       TRIAL NO.     B-2404363
      Plaintiff-Appellee,          :

  vs.                                      :
                                                                *JUDGMENT ENTRY*
CHRISTOPHER BAILEY,                         :

      Defendant-Appellant.         :


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 11/21/2025 per order of the court.**


**By:**_____
        **Administrative Judge**

[Cite as *State v. Bailey*, 2025-Ohio-5254.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250116 |
| | | TRIAL NO. | B-2404363 |
| Plaintiff-Appellee, | : | | |
| | | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| CHRISTOPHER BAILEY, | : | | |
| | | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 21, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**BOCK, Judge.**

{¶1} After Christopher Bailey pleaded guilty to two fifth-degree felonies, the trial court imposed two 12-month sentences, to be served concurrently, for an aggregate sentence of 12 months' incarceration. On appeal, Bailey asserts that the trial court improperly determined that he was not entitled to a community-control sanction instead of incarceration, that the record does not support the trial court's sentencing findings, and that the trial court based its sentence on improper considerations—Bailey's possession of a machete.

{¶2} We affirm the trial court's judgment. First, while in some circumstances, R.C. 2929.13(B)(1)(a) carries a presumption of community control for fifth-degree felonies, that section of the statute does not apply because Bailey was convicted of multiple fifth-degree felonies. Second, Bailey's record-based challenge to his sentence fails because an appellate court cannot vacate or modify a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 or 2929.12. Finally, the trial court properly considered Bailey's possession of a machete because that fact was relevant to the seriousness of the offense and the impact Bailey's conduct had on the victim.

## I. Factual and Procedural History

{¶3} On two days in September 2024, Bailey attempted to enter separate buildings while trespassing in both instances.

{¶4} The State indicted Bailey on two fifth-degree felony counts of attempt in violation of R.C. 2923.02(A) for acts that, if successful, would have constituted burglary in violation of R.C. 2911.12(B).

{¶5} Bailey pleaded guilty to both counts and the trial court sentenced him to 12 months' incarceration on each count, ordered the sentences to be served

concurrently, and credited Bailey with 156 days of time served.

## II. Analysis

{¶6} In his sole assignment of error, Bailey argues that the trial court erred in imposing the sentences.

### A. Standard of review

{¶7} R.C. 2953.08(G)(2) provides that an appellate court may modify criminal sentences if the court clearly and convincingly finds, relevant here, that (1) the sentence is contrary to law, or (2) the record does not support the sentencing court's findings under R.C. 2929.13 (B).

### B. R.C. 2929.13(B)(1)(a)'s applicability

{¶8} Bailey asserts that the trial court improperly determined he was not entitled to a mandatory community-control term under R.C. 2929.13(B)(1)(a).

{¶9} With some exceptions not relevant here, R.C. 2929.13(B)(1)(a) requires trial courts to sentence defendants convicted of a fourth- or fifth-degree felony "that is not an offense of violence or that is a qualifying assault offense" to a term of community control when three factors apply: the defendant (1) has no previous felony convictions, (2) is not facing a charge greater than a fourth-degree felony, and (3) in the two years before the offense for which the defendant is being sentenced, the defendant was not convicted of a misdemeanor offense of violence.

{¶10} Because R.C. 2929.13(B)(1)(a) applies when a defendant is convicted of "**a** felony of the fourth or fifth degree," Ohio courts have held that the community-control presumption applies only if the defendant is convicted of a single, nonviolent felony of the fourth or fifth degree. *See State v. Melson*, 2022-Ohio-2709, ¶ 13 (2d Dist.); *see also State v. Boswell*, 2019-Ohio-2949, ¶ 22 (6th Dist.); *State v. Durant*, 2016-Ohio-8173, ¶ 10 (7th Dist.); *State v. Parrado*, 2016-Ohio-1313, ¶ 23 (11th Dist.)

4

("If the legislature intended the presumption pertaining to community control to apply to situations in which an offender was convicted of or pleaded guilty to multiple felonies of the . . . fifth degree, it could have pluralized these terms."). Accordingly, R.C. 2929.13(B)(1)(a) does not apply when defendants are convicted of multiple fourth- or fifth-degree felonies and the trial court may impose prison sentences.

**{¶11}** Bailey was convicted of two fifth-degree felonies. Therefore, R.C. 2929.13(B)(1)(a) did not apply and the trial court was free to impose prison sentences.

### C. Challenge to the trial court's sentencing findings

**{¶12}** Bailey, citing the purposes of felony sentencing set out in R.C. 2929.11(B) and 2929.12(A), next argues that the "record does not demonstrate that the trial court gave adequate consideration to the appropriate sentencing factors," pointing to Bailey's well-documented mental-health issues and need for treatment.

**{¶13}** Ohio appellate courts lack authority to vacate or modify sentences simply because they believe that, under R.C. 2929.11 and 2929.12, the sentence is not supported by the record. *State v. Poveda*, 2025-Ohio-1075, ¶ 10 (1st Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 39; *see State v. Bryant*, 2022-Ohio-1878, ¶ 21 ("R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11.").

**{¶14}** Bailey's R.C. 2929.11- and 2929.12-based challenges are not reviewable by this court, so his second argument fails.

### D. Improper considerations

**{¶15}** Finally, Bailey argues that the trial court's sentences are contrary to law because the trial court based them on improper considerations.

**{¶16}** "[W]hen a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law" and reviewable under R.C. 2953.08(G)(2)(b). *Bryant*, 2022-Ohio-1878, at ¶ 22.

**{¶17}** Bailey asserts that when imposing its sentences, the trial court improperly considered his possession of a machete during one of the attempted burglaries. Though the factual record in this case is undeveloped, it appears that the owner of the building identified in count one confronted Bailey, and he reacted by drawing a machete.

**{¶18}** "A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing . . . commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶19}** The trial court properly considered Bailey's possession of a machete. He had the machete when he attempted to access a building and he drew the machete when the owner confronted him. Bailey's possession of the machete was relevant to the trial court's consideration of both the "seriousness of the offender's conduct" and Bailey's conduct's "impact upon the victim." R.C. 2929.11(B).

**{¶20}** We overrule Bailey's assignment of error.

### III. Conclusion

**{¶21}** For the foregoing reasons, we overrule Bailey's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.