[Cite as *State v. Sharp*, 2020-Ohio-3497.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-10-181 |
| | : | O P I N I O N |
| - vs - | | 6/29/2020 |
| | : | |
| STACY SHARP, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-04-0679

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶1} Appellant, Stacy Sharp, alleges he received ineffective assistance of counsel when his defense counsel failed to file a motion for new sentencing in the Butler County Court of Common Pleas after he was sentenced to 16 years for kidnapping and felonious assault.

{¶2} Sharp's charges stemmed from an incident in which he kidnapped the victim

and viciously beat her while an accomplice drove them around in a car for several hours. Despite the victim's serious injuries and repeated attempts to flee the car, Sharp claimed that he and the victim were in a relationship and simply had an argument. In 2009, Sharp was found guilty of the charges by a jury. The trial court sentenced Sharp to an aggregate sentence of 16 years; three years less than the maximum sentence recommended by the state.

{¶3} Nine years later, the trial judge who presided over Sharp's case presided over an unrelated criminal trial in which the defendant was charged with five counts of rape, and single counts of kidnapping, domestic violence, and gross sexual imposition. In the latter case, the judge sentenced that defendant to 33 years in prison. During postconviction relief proceedings, the judge recused himself from the case. The judge raised concerns of a possible implicit bias he may have had against the defendant at sentencing because a member of the judge's family had been a victim of crimes like those committed by the defendant.

{¶4} Due to the comments made by the judge about the possibility of an implicit bias, the Butler County Prosecutor's Office sent notice to the defendants who had been sentenced by that judge for similar crimes during the judge's time on the bench. Sharp received this notice with respect to his kidnapping and felonious assault convictions.

{¶5} Sharp filed motions for leave to file a motion for a new trial out of time, as well as a motion for a new trial. A different judge, appointed by the Ohio Supreme Court, considered the motions, and granted Sharp's motion for leave to file a motion for a new trial out of time. The appointed judge held a hearing on Sharp's motion for a new trial during which defense counsel argued that the original trial judge was biased against Sharp and that Sharp was entitled to a new trial with a "blank canvas" and an unbiased judge. The state argued that Sharp had filed a motion for a new trial in 2009 after he was found guilty,

but had failed to raise any issues regarding potential bias. The state also noted that Sharp had filed a direct appeal from his convictions, but did not raise the issue of judicial bias, nor challenge the appropriateness of his sentence. *State v. Sharp*, 12th Dist. Butler No. CA2009-09-236, 2010-Ohio-3470.

{¶6} The appointed judge determined that Sharp had not demonstrated any prejudice from the original trial judge and denied Sharp's motion for a new trial. Sharp now appeals the trial court's decision, raising the following assignment of error:

{¶7} APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶8} Sharp argues in his sole assignment of error that he was denied effective assistance of counsel because his counsel did not file a separate motion for a new sentencing.

{¶9} To prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) his trial counsel's performance was deficient and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Green*, 12th Dist. Clermont No. CA2019-07-061, 2020-Ohio-1552.

{¶10} "Judicial bias has been described as a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 48.

{¶11} Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption. *State v. Lawrence*, 12th Dist. Butler Nos. CA2017-06-078 and CA2019-03-048, 2020-Ohio-855, ¶ 20. The evidence must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity. *Id.*

{¶12} After reviewing the record, we find that Sharp was not denied effective assistance of counsel where there is no indication that a motion for new sentencing would have been granted. As previously noted, the original trial judge sentenced Sharp after properly considering the statutory factors and sentenced Sharp within the statutory guidelines for felonious assault and kidnapping. The trial court's sentence was three years less than the maximum sentence proposed by the state.

{¶13} Moreover, the record supports the trial court's sentence. There was overwhelming evidence of Sharp's guilt, including eyewitness testimony and DNA evidence. The evidence demonstrated that Sharp severely beat the victim over a period of several hours after kidnapping her in a car. Sharp had an extensive criminal history and was a registered sex offender at the time of these crimes. His criminal history included sex offenses, domestic violence, and drug-related convictions. Thus, the trial court's sentence lacks the necessary hostile feeling, spirit of ill will, or undue favoritism toward the state necessary to show prejudice or judicial bias.

{¶14} Sharp's sentencing occurred nine years before the original trial judge's statement and recusal from the unrelated case. During these nine years, Sharp filed a motion for a new trial and a direct appeal of his convictions. In none of the earlier proceedings did Sharp indicate that he was prejudiced by the trial court or suggest any judicial bias during his trial or sentencing. There is simply no indication that Sharp's sentence was the product of prejudice or bias against Sharp. Sharp's claim at this stage

appears to be nothing more than speculation in an effort to take advantage of events in an unrelated case.

{¶15}  Sharp has not demonstrated anything that would overcome the presumption of judicial integrity in his case and has failed to show that the original court was biased in imposing the sentence.  Sharp is unable to establish that a motion for resentencing would have been granted and, as such, has failed to demonstrate a denial of effective counsel. Sharp's single assignment of error is, therefore, overruled.

{¶16}  Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.