[Cite as *State v. Murrill*, 2021-Ohio-1449.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-08-081 |
| Appellee, | : | O P I N I O N<br>4/26/2021 |
| | : | |
| - vs - | : | |
| | : | |
| MICKEY MURRILL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-02-0219

Michael T. Gmoser, Butler County Prosecuting Attorney, Stephen M. Wagner, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 200 High Street, Suite 550 Hamilton, Ohio 45011, for appellant

**M. POWELL, P.J.**

{¶ 1} Appellant, Mickey Murrill, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief ("PCR petition").

{¶ 2} Appellant was indicted in February 2018 on 25 sexual offenses, including first-degree felony kidnapping with a sexual motivation specification in violation of R.C. 2905.01(A)(2), and first-degree felony rape in violation of R.C. 2907.02(A)(1)(b).

Appellant's 25 charges stemmed from his actions with several children he knew through friends and family. The case was assigned to a judge on the Butler County Court of Common Pleas ("trial judge").

{¶ 3} In September 2018, appellant pled guilty to the rape and kidnapping charges and to one count of gross sexual imposition, two counts of illegal use of a minor in a nudity-oriented material or performance, two counts of pandering sexually oriented material involving a minor, and three counts of voyeurism.

{¶ 4} Appellant's sentencing hearing was held on October 16, 2018. The trial judge accepted the parties' stipulation that a prison term of life without parole would not be imposed on the rape conviction. The trial judge sentenced appellant to an indefinite prison term of 10 years to life for the kidnapping offense and an indefinite prison term of 15 years to life for the rape offense and ordered these two sentences to run consecutively to each other. Based on the parties' stipulation, these sentences were imposed with the possibility of parole after serving the aggregate minimum sentence. For the remaining offenses, the trial judge merged one offense with the kidnapping offense, imposed definite prison terms on the remaining felony offenses, and ordered that these prison terms be served concurrently with the indefinite sentences imposed for the rape and kidnapping offenses, for an aggregate prison sentence of 25 years to life. Appellant was designated a Tier III sex offender. Appellant appealed his sentence, arguing that the consecutive sentences were contrary to law because the trial judge failed to make the required findings under R.C. 2929.14(C)(4). We upheld appellant's sentence in *State v. Murrill,* 12th Dist. Butler No. CA2018-11-215, 2019-Ohio-3318.

{¶ 5} On October 24, 2018, eight days after sentencing appellant, the trial judge recused himself in an unrelated criminal case. In that case, defendant Dustin Lawrence was convicted of sexual offenses, including rape and kidnapping, and was sentenced to 33

years in prison by the trial judge in May 2017. The trial judge's recusal occurred during postconviction relief proceedings. The trial judge's entry of recusal explained that a member of his family "had been the victim of a similar crime which may have impacted the Court's original sentencing determination." By letter dated March 19, 2019, the Butler County Prosecutor's Office notified the defendants who had been sentenced by the trial judge for similar crimes of the judge's recusal in the *Lawrence* case. Appellant received this notice with respect to his rape and kidnapping convictions.

{¶ 6} Appellant filed, pro se, a PCR petition, arguing that the trial judge was biased against him, thus violating his due process rights. The Ohio Supreme Court assigned a retired judge to preside over the PCR proceedings. The retired judge appointed counsel for appellant, construed the PCR petition as alleging that the trial judge's decision to sentence appellant to consecutive prison terms on the rape and kidnapping offenses was because of judicial bias, and scheduled an evidentiary hearing. On July 29, 2020, two weeks after the evidentiary hearing, the trial court denied appellant's PCR petition. Citing this court's opinions in *State v. Lawrence*, 12th Dist. Butler Nos. CA2017-06-078 and CA2019-03-048, 2020-Ohio-855; and *State v. Sharp*, 12th Dist. Butler No. CA2019-10-181, 2020-Ohio-3497, in which we rejected similar claims of judicial bias from sex offenders sentenced by the trial judge, the trial court found that

> Counsel for Murrill argues that the trial judge was obliged to inform Murrill prior to sentencing that he was potentially biased because of the nature of Murrill's crimes. This contention assumes that the trial judge was biased or potentially biased. Given the pronouncements of the court of appeals in *Lawrence* and *Sharp*, this argument is perforce unavailing. There is no evidence of bias or potential bias, direct or circumstantial.

{¶ 7} Appellant now appeals, raising one assignment of error:

{¶ 8} MR. MURRILL WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS WHEN THE

- 3 -

TRIAL COURT FAILED TO DISCLOSE A POTENTIAL BIAS AGAINST HIM.

{¶ 9}  Relying upon the trial judge's entry of recusal in the *Lawrence* case, appellant argues that he was deprived of his due process rights when the trial judge failed to disclose a potential bias against him at sentencing.  Appellant further argues that the trial judge "had the duty to recuse himself [in the case at bar] after his impartiality was disclosed," and that his failure to recuse violated the Ohio Code of Judicial Conduct.

{¶ 10} The avenue for redress when a party alleges violation of the Ohio Code of Judicial Conduct or error in a judge's failure to recuse is to file an affidavit of disqualification with the Ohio Supreme Court under R.C. 2701.03.  *See State v. Stumph*, 1st Dist. Hamilton No. C-190318, 2021-Ohio-723; *State v. Payne,* 149 Ohio App.3d 368, 2002-Ohio-5180 (7th Dist.).  "[A]ny allegations of judicial misconduct are not cognizable on appeal, but [are] a matter properly within the jurisdiction of the Disciplinary Counsel."  *State v. Williams,* 9th Dist. Summit No. 25827, 2011-Ohio-6067, ¶ 14.  "Thus, an appellate court lacks the authority to pass upon the disqualification of a common pleas judge or to void a judgment of a trial court on that basis."  *Wilburn v. Wilburn*, 169 Ohio App.3d 415, 2006-Ohio-5820, ¶10 (9th Dist.).  We therefore decline to address appellant's argument that the trial judge's failure to recuse in the case at bar violated the Ohio Code of Judicial Conduct.  *Payne* at ¶ 11.

{¶ 11} While a court of appeals cannot reverse a common pleas court's judgment based upon failure to recuse, it can address allegations that a defendant's due process rights were violated.  *Id.*  Ohio courts have held that a judicial bias claim may be interpreted "as an argument that [the defendant's] sentence is contrary to law based on a due process violation."  *State v. Johnson*, 8th Dist. Cuyahoga No. 107528, 2019-Ohio-4668, ¶ 26; *Stumph* at ¶ 25 (appellate courts have jurisdiction to review a claim of bias where an appellant argues that the trial court's bias impacts the outcome of the case and violates the

- 4 -

appellant's due process rights).

{¶ 12} We therefore have jurisdiction to review appellant's claim he was deprived of his due process rights when the trial judge failed to disclose a potential bias against him at sentencing. *See State v. Filous*, 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, ¶ 12 (defendant argued that his due process rights were violated because the trial court failed to afford him a fair and impartial sentence and was biased against him given the court's comments during the sentencing hearing); *State v. Power*, 5th Dist. Holmes No. 15 CA 1, 2015-Ohio-3001, ¶ 27 (defendant argued that his sentence was contrary to law because comments made by the trial court during the change of plea and sentencing hearings indicated the court was prejudiced or biased against him). Appellant essentially argues that the trial judge's imposition of consecutive sentences was the product of judicial bias given the judge's recusal in the *Lawrence* case eight days later.

{¶ 13} It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law. *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 48. Judicial bias has been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *Id.*

{¶ 14} Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption. *Sharp*, 2020-Ohio-3497 at ¶ 11. The evidence must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity. *Id.*

{¶ 15} Appellant has failed to present any evidence of the trial judge's judicial bias or prejudice against him at sentencing. Instead, appellant asks this court to presume that

the trial judge was biased or prejudiced at his sentencing simply because the judge expressed a concern he "may" have been biased at sentencing in the *Lawrence* case. The trial judge's recusal in that case occurred in the context of a PCR petition filed by Lawrence 15 months after he was originally sentenced by the judge. As we have previously stated, the trial judge "did not admit to actual bias at [Lawrence's] sentencing hearing. Rather, the record indicates the judge was second guessing the fairness in his decision to impose consecutive sentences" at the original sentencing hearing. *Lawrence*, 2020-Ohio-855 at ¶ 27. In other words, the trial judge expressed concern about his state of mind in May 2017 when he originally sentenced Lawrence. Just as "this [did] not amount to an acknowledgment of actual bias at sentencing, nor [did] it implicate any bias or prejudice at trial" concerning Lawrence, this likewise "does not amount to an acknowledgment of actual bias at sentencing, nor does it implicate any bias or prejudice at trial" regarding appellant. *Id.* We will not presume otherwise. *Id.* Appellant's claim "appears to be nothing more than speculation in an effort to take advantage of events in an unrelated case." *Sharp* at ¶ 14.

{¶ 16} Moreover, a review of appellant's sentencing hearing fails to establish any hostile feelings, ill will, undue friendship, or favoritism toward either side. Appellant was indicted on 25 separate sexual offenses; all but two were felonies. Appellant pled guilty to ten sexual offenses and the remaining 15 sexual offenses were dismissed. The ten offenses involved six children as well as unidentified "pre-pubescent children" and an unidentified "pre-pubescent female." The trial judge accepted the parties' stipulation that a prison term of life without parole would not be imposed on the rape conviction. Although the trial judge imposed consecutive sentences on the rape and kidnapping offenses, he did not impose consecutive sentences on the remaining felony sexual offenses. Had the trial judge sentenced appellant to consecutive sentences on all counts, appellant would have faced a minimum of 43 years in prison before parole eligibility.

{¶ 17} Appellant has not demonstrated anything that would overcome the presumption of judicial integrity in his case and has failed to show that the trial judge was biased in imposing the sentence.  The assignment of error is overruled.

{¶ 18}  Judgment affirmed.


HENDRICKSON and BYRNE, JJ., concur.