[Cite as *State v. Smith*, 2024-Ohio-2187.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-230022 |
| | | C-230023 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1507289A |
| | | B-1601998 |
| vs. | : | |
| KENT SMITH, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: June 7, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Michele L. Berry, LLC,* and *Michele L. Berry*, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Kent Smith appeals from his resentencing arguing that the trial court acted with bias in imposing sentence, and the trial court's imposition of maximum, consecutive sentences did not comport with R.C. 2929.11 and 2929.12 and violated his state and federal constitutional protections against cruel and unusual punishment. For the following reasons, we affirm the judgments of the trial court.

## Factual Background

{¶2} Smith committed a string of burglaries, robberies, and felonious assaults in December 2015. *See State v. Smith*, 1st Dist. Hamilton No. C-180151, 2019-Ohio-5264, ¶ 1. Smith was convicted of 15 counts and six accompanying firearm specifications. *See id.* The trial court imposed the maximum sentence on each count and firearm specification, and ordered all counts and specifications to run consecutively to each other, for a total sentence of 101 years in prison. *See id.*

{¶3} Smith appealed, and this court vacated count two in the case numbered B-1507289A and count nine in the case numbered B-1601998 because the evidence was insufficient to support the convictions. *See id.* at ¶ 27, 40. This court also held that the trial court failed to make the required proportionality finding at the sentencing hearing to impose consecutive sentences and remanded the cause for a new sentencing hearing. *See id.* at ¶ 108.

{¶4} At the resentencing on B-1507289A, the court sentenced Smith to 11 years on count three and three years on the gun specification to be served consecutively and prior to the underlying offense, eight years on count four and three years on the gun specification to be served consecutively and prior to the underlying offense, three years on count five, three years on count six, three years on count seven,

and three years on count eight. After making the requisite findings, the court imposed consecutive sentences for an aggregate term of 37 years.

{¶5} In the case numbered B-1601998, the court sentenced him to 11 years on count one and three years on the second gun specification to be served consecutively and prior to the underlying offense, three years on count three, 11 years on count four and three years on the second gun specification to be served consecutively and prior to the underlying offense, three years on count six, and eight years on count ten. After making the requisite findings, the court imposed consecutive sentences for an aggregate term of 42 years.

{¶6} After making the requisite findings, the court ordered the sentences in B-1507289A and B-1601998 to be served consecutively for an aggregate term of 79 years.

{¶7} Smith's first appointed counsel advised this court that, after a thorough review of the record, he could find nothing that would arguably support appellant's appeals, and that the appeals are wholly frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an independent review of the record, this court appointed new counsel to determine whether consecutive sentences for an aggregate sentence of 79 years are disproportionate in light of this court's decision in *State v. Glover*, 2023-Ohio-1153, 212 N.E.3d 984 (1st Dist.).

### Judicial Bias

{¶8} In his first assignment of error, Smith contends that the trial court acted with bias against him in violation of his due process rights, and thus issued an unfairly harsh and unwarranted sentence due to his trial counsel's vilification of Smith, which impacted the court's view of him. Smith further argues that trial counsel provided

ineffective assistance and "repeatedly denigrat[ed] Mr. Smith to the trial court to the point that the vilification biased the court against Mr. Smith and impacted the trial court's sentencing."

**{¶9}** A judicial-bias claim may be interpreted "as an argument that [the defendant's] sentence is contrary to law based on a due process violation." *State v. Johnson*, 8th Dist. Cuyahoga No. 107528, 2019-Ohio-4668, ¶ 26. Judicial bias has been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 48, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

**{¶10}** "Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption." *State v. Sharp*, 12th Dist. Butler No. CA2019-10-181, 2020-Ohio-3497, ¶ 11. "The evidence must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity." *Id.*

**{¶11}** Smith has failed to present any evidence of the trial court's bias or prejudice during the resentencing. A review of the transcript from the resentencing fails to establish any bias, prejudice, or ill-will.

**{¶12}** Accordingly, we overrule the first assignment of error.

## Maximum, Consecutive Sentences

{¶13} Next, Smith contends that the trial court's sentence violates: (1) Ohio sentencing law in R.C. 2929.11 to 2929.13; and (2) Mr. Smith's state and federal constitutional protections against cruel and unusual punishment. Specifically, Smith argues that the maximum sentences were excessive, disproportionate in violation of R.C. 2929.11(B), and disregarded any possibility of rehabilitation in violation of R.C. 2929.11(A).

{¶14} An appellate court's jurisdiction to review sentencing factors is limited under R.C. 2953.08(G)(2)(b). Under that statute, the appellate court cannot modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "However, the appellate court is not prohibited from reviewing a sentence 'when the claim is that the sentence was improperly imposed based on impermissible considerations.' " *State v. Brunson*, 171 Ohio St.3d 384, 2022-Ohio-4299, 218 N.E.3d 765, ¶ 69, citing *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. Impermissible considerations are considerations that fall outside those contained in R.C. 2929.11 and 2929.12. *State v. Sanon*, 2023-Ohio-2742, 223 N.E.3d 91, ¶ 74 (1st Dist.), citing *Bryant* at ¶ 22.

{¶15} Here, Smith does not allege that the sentences were imposed based on impermissible considerations. Rather, he argues that the trial court failed to properly consider the overriding purposes of felony sentencing contained in R.C. 2929.11 and 2929.12, resulting in sentences not supported by the record. Accordingly, "*Jones* prohibits this court from independently weighing the evidence in the record and substituting its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12." *Sanon* at ¶ 75.

**{¶16}** Smith further argues that the aggregate sentence of 79 years violates state and federal constitutional protections against cruel and unusual punishment.

**{¶17}** The Ohio Supreme Court has specifically held that "for purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 20. Cases violating the Eighth Amendment's prohibition on cruel and unusual punishment "are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person," and "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." *Id.* at ¶ 14.

**{¶18}** "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.* As a general rule, a sentence falling within the terms of a valid statute cannot amount to a cruel and unusual punishment. *Id.* at ¶ 21.

**{¶19}** Here, each of the individual sentences was within the statutory range authorized by the legislature, and the sentences were not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice. Accordingly, Smith's aggregate prison term of 79 years, which resulted from the consecutive imposition of the individual sentences, does not violate the Eighth Amendment to the United States Constitution or Section 9, Article I of the Ohio Constitution.

**{¶20}** We overrule the second assignment of error.

## Conclusion

{¶21}   Having overruled Smith's assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.


**BOCK, P.J.,** and **WINKLER, J.,** concur.


Please note:

The court has recorded its own entry this date.