[Cite as *State v. Poveda*, 2025-Ohio-1075.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.   C-240496 |
| | | TRIAL NO.     B-2302656 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| LUIS GUTIERREZ POVEDA, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 28, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** In this appeal, we are asked to determine whether the trial court improperly considered defendant-appellant Luis Gutierrez Poveda's immigration status when imposing a maximum sentence for the offense of rape. We hold that it did not.

**{¶2}** Because the trial court did not improperly consider Poveda's immigration status, and because our appellate review does not permit this court to independently weigh the factors in R.C. 2929.12 to determine whether the imposed sentence was supported by the record, we find Poveda's challenge to the trial court's imposition of the maximum sentence to be without merit and we affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶3}** Poveda and the victim of his offense, K.C., worked together at a cigar factory in Nicaragua before separately coming to the United States. Upon arriving in the United States, they both settled in Cincinnati, and K.C. moved into Poveda's home. One night, while under the influence of alcohol, Poveda made advances toward K.C. She refused his advances, and he raped her.

**{¶4}** Poveda was indicted on four counts of rape in violation of R.C. 2907.02(A)(2), all of which were felonies of the first degree, and one fourth-degree felony count of gross sexual imposition in violation of R.C. 2907.05(A)(1). Poveda pled guilty to one count of rape and the remaining charges were dismissed.

**{¶5}** At the sentencing hearing, the trial court stated that it had reviewed the victim-impact statement, the presentence investigation report, and Poveda's sentencing memorandum. It listed the purposes of felony sentencing and acknowledged that, in imposing sentence, it was to be guided by the sentencing factors

in the Revised Code. The court told Poveda, "I see your conduct," and it noted that the victim suffered serious physical and psychological harm. The court found that Poveda had been in a position of trust with the victim and that his relationship with her facilitated the offense, as she had been living in his house as a household member.

**{¶6}** The court then noted that Poveda was "in the country as an asylum seeker, that [he] abandoned that, making [him] an illegal resident of the United States." The court further noted that although Poveda showed genuine remorse, it could not imagine a "more worse form of the offense."

**{¶7}** The trial court imposed a maximum, indefinite sentence of 11 years to 16 years and six months of imprisonment. Poveda now appeals.

## II.  Sentencing

**{¶8}** In a single assignment of error, Poveda argues that the trial court erred by imposing the maximum possible prison sentence.

**{¶9}** Pursuant to R.C. 2953.08(G)(2), we may only modify or vacate a felony sentence if we clearly and convincingly find that the record does not support the trial court's sentencing findings under certain specified divisions, including "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code," or if we find that the sentence is otherwise contrary to law. *See State v. Truesdell*, 2024-Ohio-5376, ¶ 72 (1st Dist.).

**{¶10}** Poveda argues that a review of the seriousness and recidivism factors in R.C. 2929.12 establishes that the imposition of the maximum sentence was not supported by the record. But reviewing and weighing the factors in R.C. 2929.12 exceeds the permissible bounds of our appellate review. An appellate court cannot vacate or modify a sentence under R.C. 2953.08(G)(2)(b) "based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v.*

*Jones*, 2020-Ohio-6729, ¶ 39; *accord State v. Smith*, 2024-Ohio-2187, ¶ 14 (1st Dist.).

**{¶11}** In a similar vein, Poveda takes issue with the trial court's statement that his behavior was the "worse form" of the offense. He argues both that his sentence was contrary to law because this was not a proper factor for the trial court's consideration and that the record does not support this determination.

**{¶12}** With respect to the former argument, we hold that the trial court properly considered whether Poveda's conduct was the worst form of the offense pursuant to the directives of R.C. 2929.12(B), which require the trial court to consider whether "the offender's conduct is more serious than conduct normally constituting the offense." *See State v. Mincey*, 2018-Ohio-662, ¶ 43 (1st Dist.) (holding that the trial court's statements at sentencing, including that the offender "committed 'the worst possible offense,'" demonstrated that the court considered the factors in R.C. 2929.11 and 2929.12). With respect to Poveda's latter argument, we cannot vacate or modify his sentence based on the trial court's determination that his behavior constituted the worst form of the offense because we are not permitted to independently review and weigh the factors in R.C. 2929.12. *Jones* at ¶ 39; *Smith* at ¶ 14.

**{¶13}** Poveda last argues that his sentence was contrary to law because the trial court improperly considered his immigration status when imposing sentence. In support of this assertion, he relies on the trial court's statement at the sentencing hearing that he was "an illegal resident of the United States." He argues that his immigration status was a consideration extraneous to those permitted by R.C. 2929.11 and 2929.12.

**{¶14}** In *State v. Mateo*, 2002-Ohio-6852, ¶ 5 (1st Dist.), this court held that an offender's "illegal-alien status may have had some bearing as an 'other relevant

factor' under R.C. 2929.12." In *Mateo,* we ultimately reversed the appellant's sentence after holding that the trial court had ignored the applicable felony-sentencing statutes providing that there was a presumption of community control for the offense that Mateo had committed and had sentenced Mateo to prison "merely because of his status as an illegal alien." *Id.* at ¶ 5, 7-8.

**{¶15}** Here, the trial court did not sentence Poveda to prison merely because of his immigration status. Rather, Poveda's immigration status was one of many considerations that the trial court relied on when imposing sentence, including the nature of the offense, Poveda's relationship with K.C., and the effect of the offense on K.C. Unlike *Mateo*, the trial court did not ignore the relevant sentencing guidelines or statutes when electing to impose a maximum sentence. *Compare id.* at ¶ 7. The trial court's reference to Poveda's immigration status was also tied to statements that the trial court had made earlier in the sentencing hearing, in which it had informed Poveda that he was likely to be deported after serving his sentence.

**{¶16}** We find no error in the trial court's reference of Poveda's immigration status at sentencing, and we hold that the trial court did not err in imposing a maximum sentence. Poveda's assignment of error is overruled, and the judgment of the trial court is accordingly affirmed.

Judgment affirmed.

**KINSLEY, P.J.,** and **NESTOR, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.