[Cite as *State v. Coppa*, 2026-Ohio-786.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0043 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| NICHOLAS E. COPPA, | |
| Defendant-Appellant. | Trial Court No. 2025 CR 00223 D |

## OPINION AND JUDGMENT ENTRY

Decided: March 9, 2026
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Nicholas E. Coppa*, pro se, Oriana House, P.O. Box 1501, Akron, OH 44309 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}     Defendant-appellant, Nicholas E. Coppa ("Coppa"), appeals from the judgment of the Portage County Court of Common Pleas sentencing him to a prison term of ten (10) months as a result of his plea and conviction for identify fraud, a fifth-degree felony, in violation of R.C. 2913.49. For the following reasons, we affirm.

{¶2}     Coppa raises three main assignments of error for review on appeal.  In his assignments of error relating to his sentence, Coppa contends that his sentence is contrary to law as he received a harsher sentence than the sentence imposed upon his codefendant. Coppa also asserts that the trial court relied on materially false information

regarding his codefendant's status in the drug court program when determining his sentence. Upon review, we find that Coppa's sentence is not contrary to law. The trial court's sentence was within the statutory guidelines for the offense, and the trial court considered R.C. 2929.11 and 2929.12. The trial court was not required to impose the same sentence as Coppa's codefendant. Additionally, upon review of the record in this appeal, we determine that the trial court did not rely on materially false information. The parties do not dispute that the codefendant was sentenced after the trial court imposed its sentence in the instant case.

{¶3} In his next assignment of error, Coppa claims that the trial court was disqualified from proceeding in the underlying case, and alleges that the trial court judge violated due process by failing to recuse. Coppa did not file an affidavit of disqualification pursuant to R.C. 2701.03, and he did not raise any claim of judicial bias in the court below. A court of appeals does not have the authority to decide a claim pursuant to R.C. 2701.03. Our review of Coppa's judicial bias claim is limited to whether Coppa was denied due process of law and precluded from having a fair proceeding. *State v. Harris*, 2025-Ohio-5438, ¶ 83 (1st Dist.), citing *State v. Loudermilk*, 2017-Ohio-7378, ¶ 18 (1st Dist.). We conclude that Coppa was not denied due process of law. Upon review of the record, we find no evidence of an appearance of bias or prejudice, let alone evidence compelling enough to overcome the presumption of judicial integrity.

{¶4} Lastly, Coppa contends that his counsel was ineffective for failing to pursue R.C. 2701.03 disqualification or otherwise advise him of the procedure. There is nothing in the record in this case to support a conclusion that an affidavit of bias would have been granted had counsel pursued the affidavit or otherwise advised Coppa of the procedure.

Moreover, Coppa points to no evidence in the record to suggest he was prejudiced by trial counsel's failure to pursue the affidavit of disqualification. As such, Coppa has failed to demonstrate that trial counsel was ineffective.

{¶5} Therefore, as none of Coppa's assignments of error are meritorious, the judgment of the Portage County Court of Common Pleas is affirmed.

**Substantive and Procedural Facts**

{¶6} On March 26, 2025, the Portage County Grand Jury returned a single-count indictment charging Coppa and a codefendant, Nicole Fisher (aka Nicole Trussel), with theft, a first-degree misdemeanor, in violation of R.C. 2913.02. Two days later, on March 28, 2025, the Portage County Grand Jury returned a supplemental indictment charging Coppa and his codefendant with identity fraud, a fifth-degree felony, in violation of R.C. 2913.49. Coppa pleaded not guilty at arraignment, and a personal recognizance bond was set at $20,000 with the condition that Coppa report to Mid-American Court Services for random substance abuse testing.

{¶7} On June 5, 2025, Coppa waived his rights and entered a plea of guilty to the supplemental indictment. A presentence investigation ("PSI") was ordered, and bond was continued. The written plea of guilty indicated that the State of Ohio ("State") would concur with the PSI and the Victim Impact Statement ("VIS"). As this case was resolved as a result of a plea, there are limited facts in the record. Transcripts of the plea hearing were not made part of the record on appeal. Therefore, the only facts in the record were those discussed during the sentencing hearing and contained within the PSI or VIS.

{¶8} Sentencing was held on June 30, 2025. At the sentencing hearing, the court below noted Coppa's prior criminal history. The trial court determined that the

Case No. 2025-P-0043

presumption for community control was overcome and imposed a prison term of 10 months.

{¶9}　On July 7, 2025, Coppa filed his notice of appeal from the trial court's sentencing entry. Coppa also filed a motion for stay of execution of his sentence in the trial court.　The trial court denied Coppa's motion on September 2, 2025. Coppa subsequently filed a motion to stay execution of sentence pending appeal in this court. Coppa's request was overruled on September 22, 2025.

{¶10}　On August 29, 2025, Coppa filed his initial merit brief ("initial brief"), prior to the record being filed. On September 17, 2025, the State sought to supplement the record with the transcripts of the sentencing hearing and requested to view the PSI. The State's requests were granted on September 19, 2025. The record was supplemented and filed on September 23, 2025. The State filed its answer brief on October 14, 2025. Coppa filed a motion to strike the State's brief as untimely. As the State's brief was timely filed, Coppa's motion was overruled on October 24, 2025.

{¶11}　On October 28, 2025, Coppa filed a motion for leave to file a supplemental brief to address "a newly recognized issue essential to the fairness of the proceedings below." This court granted Coppa's motion on November 13, 2025. Coppa subsequently filed his supplemental merit brief on November 17, 2025. At the request of Coppa, the November 17, 2025 supplemental brief was stricken from the record and replaced with Coppa's November 21, 2025 supplemental brief ("supplemental brief"). The State did not file a response to Coppa's supplemental brief.

**The Appeal**

{¶12}   Coppa raises three assignments of error for review in his initial brief:

> [1.] Judicial Bias and Appearance of Impropriety Require Vacatur.
>
> [2.] Sentencing based on Materially False Information Violated Due Process.
>
> [3.] Sentencing Disparity Contravenes R.C. 2929.11 and 2929.12

{¶13}   In his supplemental brief, Coppa also raises three assignments of error:

> [1.] The trial court violated due process by failing to recuse where a prior appellate reversal created an appearance of bias and impaired the court's impartiality.
>
> [2.] Trial counsel rendered ineffective assistance by failing to advise Appellant of R.C. 2701.03.
>
> [3.] The trial court relied on materially false information during sentencing in violation of due process.

{¶14}   The second  assignment of error in the supplemental brief presents a new issue on appeal. The remaining assignments of error in the supplemental brief relate to the assignments of error raised in the initial brief. Therefore, we address the following assignments of error as raised by Coppa in his initial and supplemental briefs in the following order: 1) sentencing; 2) judicial bias; and 3) ineffective assistance of counsel.

**Sentencing**

{¶15}   Coppa asserts two assignments of error regarding the imposed ten-month prison sentence. In his second assignment of error in his initial brief and in his third assignment of error in his supplemental brief, Coppa argues that his sentence is contrary to law because the trial court relied on materially false information regarding the status of his codefendant in drug court.

{¶16} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law.'" *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), quoting R.C. 2953.08(G)(2)(b); *see State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.); *see also State v. Gwynne,* 2023-Ohio-3851, ¶ 13. ""A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.""" *Lamb* at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.), quoting *State v. Brown*, 2012-Ohio-199, ¶ 74 (2d Dist.).

*The Codefendant's Status in Drug Court*

{¶17} Coppa alleges that the trial court relied upon materially false information that his codefendant was still a participant in drug court. At the June 30, 2025 sentencing hearing, the following exchange occurred:

> [DEFENSE COUNSEL]: Thank you, Judge.
>
> I did go over the PSI and discuss it with Mr. Coppa. It's accurate.
>
> As stated in the PSI, he has genuine remorse for his behavior. He wants to apologize to the victim and everybody he's impacted.
>
> This is all a result of an addiction.
>
> I know you hear it all the time, Judge, but it is an addiction. Mr. Coppa, every time I speak to him, has expressed a desire to beat this addiction.

I know we discussed Drug Court. I think he was not qualified for that because the codefendant was in it.

THE COURT: Uh-huh.

[DEFENSE COUNSEL]: It's my understanding, according to my client, that she's been removed from that, so that is an option. We would respectfully ask that you consider that.

THE COURT: She's not been removed.

DEFENDANT: I don't know for sure, that's just what I've been told.

THE COURT: She hasn't been removed.

{¶18} Coppa was sentenced on June 30, 2025. According to Coppa's brief, the codefendant was sentenced in July, after the trial court imposed his ten-month prison term. Therefore, by Coppa's own statements, the codefendant seemingly remained in drug court until she was officially terminated by the trial court. Therefore, the trial court did not rely upon any materially false information at Coppa's sentencing as at the time of Coppa's sentencing, the codefendant had not been sentenced or terminated from drug court.[1] Moreover, Coppa does not indicate how the codefendant's status in drug court affected the trial court's sentencing determination. The trial court specifically determined that the presumption of community control was overcome. As such, Coppa's claim is without merit.

*R.C. 2929.11 and 2929.12*

{¶19} Coppa next argues that his sentence is contrary to law as it runs afoul of R.C. 2929.11 and 2929.12.

_____

1. Coppa attached the trial court's sentencing entry in the codefendant's case. While this entry is not part of the record on appeal, an appellate court may take judicial notice of a sentencing entry which is available on the publicly accessible online court docket. *See State v. Wagner*, 2023-Ohio-1215, ¶ 64 (8th Dist.).

Case No. 2025-P-0043

{¶20} Coppa does not argue that the ten-month sentence is outside of the statutory range for the offense. Indeed, the record indicates that the trial court's sentence was within the statutory range for the convicted offense. R.C. 2929.14(A)(5). Instead, in Coppa's initial brief, Coppa asserts that his sentence is contrary to law because he received a harsher sentence than his codefendant in violation of R.C. 2929.11 and 2929.12. His argument on appeal is one of consistency.

{¶21} "'For purposes of R.C. 2929.11(B), "consistency" relates to the sentences in the context of sentences given to other offenders; "proportionality" relates solely to the punishment in the context of the offender's conduct (does the punishment fit the crime).'" *State v. Hoffman*, 2023-Ohio-2645, ¶ 8 (11th Dist.), quoting *State v. Moore*, 2014-Ohio-5135, ¶ 17 (8th Dist.).

{¶22} "There is no requirement that codefendants receive equal sentences. A trial court possesses wide discretion to sentence felony offenders, provided it is within the purview of R.C. 2929.11(B). Thus, as long as an offender's sentence is consistent with sentences imposed for similar crimes committed by similar offenders, it is not discriminatory." (Footnote omitted.) *State v. Lloyd*, 2003-Ohio-6417, ¶ 21 (11th Dist.). *See State v. Pierce*, 2024-Ohio-82, ¶ 60 (4th Dist.); *State v. Harris*, 2020-Ohio-4600, ¶ 40 (5th Dist.); *State v. Williamson,* 2024-Ohio-1599 ¶ 22 (10th Dist.). In other words, "'a sentence is not contrary to law because the trial court failed to impose a sentence that is the same as another offender who committed similar conduct.'" *Hoffman* at ¶ 10, quoting *State v. Graham*, 2014-Ohio-1891, ¶ 15 (12th Dist.), citing *State v. Lee*, 2013-Ohio-3404, ¶ 13 (12th Dist.).

Case No. 2025-P-0043

{¶23} Indeed, "'consistency in sentencing is accomplished by the trial court's application of the statutory sentencing guidelines and, to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing.'" *Hoffman* at ¶ 11, quoting *State v. Oliver*, 2021-Ohio-1002, ¶ 26 (3d Dist.); *State v. Brody*, 2011-Ohio-4884, ¶ 43 (11th Dist.).

{¶24} At the sentencing hearing, the trial court stated:

> THE COURT: All right. Well, unfortunately, Mr. Coppa, there are consequences for your behavior.
>
> You've already been to NEOCAP. You've been ordered into treatment so many times, I can't even count all the times in your record.
>
> I am going to find that you are not amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of sentencing. Even though there is a presumption for community control for felonies of the fifth degree, I am going to find that you are not amenable to community control sanctions simply due to the fact that your record is atrocious.
>
> You have numerous prior felonies, you've previously been to prison and that overcomes the presumption for community control.
>
> So I'm going to sentence you to ten months in the Ohio Department of Corrections. I will not oppose transitional control, however. I think that would be a good thing for you. It would be programming that you could certainly take advantage of while you are in the institution.

{¶25} The trial court noted Coppa's significant criminal record which included prior prison terms, prior attempts at rehabilitation, and prior participation in the Northeast Ohio Community Alternative Program ("NEOCAP"). The PSI supports the trial court's characterization of Coppa's criminal history and prior sentences.

Case No. 2025-P-0043

{¶26} The trial court expressly noted its consideration of the purposes of felony sentencing enumerated in R.C. 2929.11 and the seriousness of crime and recidivism factors delineated in R.C. 2929.12 in its sentencing entry. Thus, the record demonstrates that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. Further, the trial court's sentence is not "so unusual as to be outside the mainstream of local judicial practice." *Hoffman*, 2023-Ohio-2645, at ¶ 12 (11th Dist.). Therefore, Coppa's sentence is not contrary to law.

{¶27} Accordingly, Coppa's assignments of error regarding his sentence are without merit.

## Judicial Bias

{¶28} In his first assignment of error in both his initial and supplemental briefs, Coppa asserts that the trial court was disqualified from proceeding in the underlying case and that the trial court judge violated due process by failing to recuse. Specifically, Coppa alleges that the trial court was biased and imposed a harsher sentence upon him because he had been successful in a prior appeal of an unrelated case, *State v. Coppa*, 2021-Ohio-4570 (11th Dist.).

{¶29} R.C. 2701.03 sets forth the requirements of the affidavit and proper procedure where a party seeks the disqualification of a common pleas court judge.

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the

> clerk of the supreme court in accordance with division (B) of this section.

R.C. 2701.03(A).

{¶30} The Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction over affidavits filed pursuant to R.C. 2701.03. Therefore, a court of appeals is without authority to rule on the disqualification of the trial judge or to otherwise void a trial court's judgment on those grounds. *State v. Sankey*, 2018-Ohio-2677, ¶ 16 (11th Dist.), quoting *State v. Russell*, 2017-Ohio-7198, ¶ 16 (2d Dist.) quoting *State v. Qualls*, 2015-Ohio-2182, ¶ 8 (2d Dist.); *State v. Haywood*, 2017-Ohio-8299, ¶ 20 (9th Dist.). However, "'a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law.'" *State v. Dean*, 2010-Ohio-5070, ¶ 48, quoting *State v. LaMar*, 2002-Ohio-2128, ¶ 34. Thus, an appellate court may review a claim of judicial bias on appeal in the limited scope of whether the defendant was denied due process of law. *State v. Harris*, 2025-Ohio-5438, ¶ 83 (1st Dist.); *State v. Elkins*, 2024-Ohio-5351, ¶ 11 (6th Dist.), citing *State v. McCain*, 2015-Ohio-449, ¶ 14 (2d Dist.).

{¶31} Judicial bias has been described as "'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *LaMar* at ¶ 34 quoting, *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463 (1956), paragraph four of the syllabus. "'Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption.'" *State v. Smith*, 2024-Ohio-2187, ¶ 10 (1st Dist.), quoting *State v. Sharp*, 2020-Ohio-3497, ¶ 11 (12th Dist.). *See Harris* at ¶ 84. Therefore, "'[t]he evidence

must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity.'" *Smith* at ¶ 10, quoting *Sharp* at ¶ 11; see *Harris* at ¶ 84. The party seeking to establish judicial bias has the burden of overcoming that presumption. *State v. Haudenschild*, 2024-Ohio-407, ¶ 18 (5th Dist.), citing *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013). If the record shows that the defendant did not receive a fair trial from an impartial judge, the remedy is a new trial. *Dean* at ¶ 2; *Elkins* at ¶ 11.

{¶32} Coppa cites to the Code of Judicial Conduct Rule 2.11 and argues that the trial court judge was required to disqualify herself as her impartiality might be reasonably questioned. Jud.Cond.R. 2.11(A) provides in relevant part:

> A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

{¶33} Coppa contends that the fact that he was successful in a prior unrelated appeal involving a criminal matter handled by the same trial court judge along with the sentencing disparity between his sentence and that of his codefendant creates the appearance of bias. We disagree.

{¶34} The Supreme Court of Ohio, in reviewing an affidavit of disqualification, determined that "without evidence of actual bias, the fact that [a judge] has presided over previous cases involving [the defendant] is not grounds for disqualification." *In re Disqualification of Rastatter*, 2013-Ohio-4232, ¶ 6. The Court explained that "bias against a party cannot be presumed merely because a judge was reversed on appeal. *See, e.g.,*

*In re Disqualification of Floyd*, 135 Ohio St.3d 1249, 2012-Ohio-6336, 986 N.E.2d 10, ¶ 10 (that a trial judge's decision 'was reversed in a critical opinion by the appeals court does not imply that she will be biased against [the appellants] or somehow retaliate against them')." *Id.*

{¶35} Upon review of the record, we find no evidence of an appearance of bias or prejudice, let alone evidence compelling enough to overcome the presumption of judicial integrity. As discussed above, Coppa's sentence was within the statutory parameters and not otherwise contrary to law. At the time of Coppa's sentencing hearing, his codefendant had not been sentenced or terminated from drug court. Therefore, the trial court did not rely on any misstatement regarding the defendant's status in drug court.

{¶36} Coppa's "success" in his prior appeal of an unrelated criminal case, without more, does not support Coppa's claim that the trial court was biased.[2] Neither Coppa nor the trial court discussed the prior case nor made any comment that would demonstrate that the trial court harbored any ill will toward Coppa because of the prior appeal. There is nothing in the record to indicate that the prior appeal otherwise influenced the length of Coppa's sentence.

{¶37} Because the record is devoid of any evidence of an appearance of bias or prejudice, we find Coppa's first assignment of error to be without merit.

**Ineffective Assistance of Counsel**

{¶38} In his second assignment of error in the supplemental brief, Coppa contends that he received ineffective assistance of counsel. Specifically, he asserts that

---

2. In *State v. Coppa*, 2021-Ohio-4570 (11th Dist.), this court found sentencing errors pursuant to R.C. 2929.14(C) and Crim.R. 32(A)(1). This court remanded the matter to the trial court for resentencing in accordance with those provisions.

Case No. 2025-P-0043

counsel "failed to inform him of R.C. 2701.03, the exclusive statutory mechanism for seeking judicial disqualification, leaving Appellant without meaningful ability to protect his due-process right to an impartial tribunal."

{¶39} "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 2000-Ohio-448, ¶ 49, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

{¶40} A properly licensed attorney is presumed competent, and judicial scrutiny of his performance must be highly deferential. *Strickland* at 689.

> "'Under *Strickland* as interpreted by Ohio courts, attorneys are presumed competent, reviewing courts must refrain from second-guessing strategic, tactical decisions and strongly presume that counsel's performance falls within a wide range of reasonable legal assistance.'" *State v. Brown*, 11th Dist. Ashtabula No. 2013-A-0065, 2014-Ohio-2878, ¶42, quoting *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). "'Trial tactics (including a failure to object) do not substantiate a claim of ineffective assistance of counsel.'" *Brown, supra,* at ¶50, quoting *Henry, supra*, at ¶78.

*State v. McAdams*, 2016-Ohio-8225, ¶ 23 (11th Dist.).

{¶41} Coppa alleges that counsel's failure to advise him of the procedure of filing an affidavit of disqualification of a judge of the common pleas court for prejudice amounted to ineffective assistance of counsel. "[A] defendant may assert that defense counsel's failure to seek disqualification constitutes ineffective assistance where a reasonable probability exists that an affidavit of bias would have been granted and resulting prejudice." *State v. Smith*, 2022-Ohio-1984, ¶ 74 (12th Dist.), citing *State v.*

*Beasley*, 2018-Ohio-493, ¶ 140, 148. In *Smith*, the Twelfth District Court of Appeals concluded that Smith's counsel was not ineffective for failing to file an affidavit of disqualification, finding that the record did "not support the conclusion that an affidavit of bias would have been granted" and that Smith directed the court to "no evidence in the record that would suggest that he was prejudiced or denied a fair trial. *Id.* at ¶ 140." *Smith* at ¶ 88-89.

{¶42} Similarly, in the instant case, there is nothing in the record to support a conclusion that an affidavit of bias would have been granted had counsel pursued the affidavit or otherwise advised Coppa of the procedure. Moreover, Coppa points to no evidence in the record to suggest he was prejudiced. Therefore, he cannot meet the burden under *Strickland.* Thus, Coppa has not demonstrated ineffective assistance of counsel, and Coppa's final assignment of error is without merit.

{¶43} Accordingly, none of Coppa's assignments of error have merit.

### Conclusion

{¶44} For the reasons set forth above, we affirm the judgment of the Portage County Court of Common Pleas.


MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-P-0043

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

---

JUDGE ROBERT J. PATTON

---

PRESIDING JUDGE MATT LYNCH,
concurs

---

JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0043